# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL L. DRUFFNER, Executor of the Estate of Patricia Murphy Waggoner, Deceased, | : : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | NO. 10-04298 |
| ROISIN E. O'NEILL; SEAN O'NEILL, SR.; O'NEILL BUILDERS, INC.; JCKN, INC., 23 J.T. ENTERPRISES, LTD.; 23 J.T. ASSOCIATES; JOSEPH A. RUFO; TONY RUFO; HARLEQUIN ENTERTAINMENT GROUP, LLC; ANNA ARENA; MIGUEL A. DORMAN; 23 CABARET, INC.; BROWNIE'S 23 EAST; WILLIAM DAVID MAGROGRAN; JOHN P. CAULFIELD; AND PAUL R. NANGLE, | : : : : : : : : : : : : | |
| Defendants. | : : : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                                                                             March 23, 2011

      Presently before the Court is the Partial Motion of Defendants JCKN, Inc.; 23 J.T. Enterprises, Ltd.; 23 J.T. Enterprises, Inc.; 23 J.T. Associates a/t/d/b/a 23 J.T. Associates, G.P.; Joseph A. Rufo; Tony Rufo; Brownie's 23 East; and Paul R. Nangle (collectively "Moving Defendants") to Dismiss Plaintiff Michael L. Druffner's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Motion is granted in part and denied in part.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

This action stems from an automobile accident resulting in the death of Patricia Waggoner (the "Decedent"), a 63-year-old resident of Brimfield, Massachusetts. According to the facts set forth in the Amended Complaint, at approximately 12:59 a.m. on September 12, 2008, the Decedent was struck while driving southbound on I-476 in Plymouth Township, Pennsylvania. (Am. Compl. ¶ 28.) Decedent died within hours of the collision. (Id. ¶ 29.) The other vehicle was driven by Defendant Roisin O'Neill, a 24-year-old resident of Newtown Square, Pennsylvania. (Id. ¶ 28.) At the time of the crash, Defendant O'Neill was speeding in the wrong direction, traveling north in the southbound lane of I-476. (Id.) Plaintiff alleges that immediately prior to the crash, Defendant O'Neill consumed alcohol to the point of appearing visibly intoxicated at Brownie's 23 East, a bar located in Ardmore, Pennsylvania. (Id. ¶¶ 33, 34.)

As executor of the Decedent's estate, Plaintiff Michael L. Druffner commenced this litigation on August 24, 2010. The action seeks to impose joint and several liability for the Decedent's emotional and ultimately fatal physical injuries upon Defendant Roisin O'Neill, along with Sean O'Neill, Sr. and O'Neill Builders, Inc. (as owners of Defendant Roisin O'Neill's vehicle), and those relevant entities and individuals associated with or employed by Brownie's 23 East, including JCNK, Inc.; 23 J.T. Enterprises, Ltd.; 23 J.T. Enterprises, Inc.; 23 J.T. Associates a/t/d/b/a 23 J.T. Associates, G.P.; Joseph A. Rufo; Tony Rufo; Harlequin Entertainment Group, LLC; Anna Arena; Miguel Dorman; 23 East Cabaret, Inc.; Brownie's 23 East; William David Magrogran; John P. Caulfield; and Paul R. Nangle.

Plaintiff filed an Amended Complaint on October 15, 2010, alleging (1) common-law

negligence on the part of Defendant Roisin O'Neill (id. ¶¶ 36-39); (2) negligent entrustment on the part of Defendants Sean O'Neill, Sr. and O'Neill Builders, Inc. (id. ¶¶ 40-43); (3) punitive damages against Defendants Roisin O'Neill, Sean O'Neill, Sr., and O'Neill Builders, Inc. (id. ¶¶ 44-51); (4) violation of the Pennsylvania Dram Shop Act, 47 Pa. C.S. §§ 4-493(1) and 4-497 by Defendants JCNK, Inc.; 23 J.T. Enterprises, Ltd.; 23 J.T. Enterprises, Inc.; 23 J.T. Associates a/t/d/b/a 23 J.T. Associates, G.P.; Joseph A. Rufo; Tony Rufo; Harlequin Entertainment Group, LLC; Anna Arena; Miguel Dorman; 23 East Cabaret, Inc.; Brownies 23 East; William David Magrogran; John P. Caulfield; and Paul R. Nangle (id. ¶¶ 52-61); (5) common-law negligence on the part of Defendants JCNK, Inc.; 23 J.T. Enterprises, Ltd.; 23 J.T. Enterprises, Inc.; 23 J.T. Associates; Joseph A. Rufo; Tony Rufo; Harlequin Entertainment Group, LLC; Anna Arena; Miguel Dorman; 23 East Cabaret, Inc.; Brownies 23 East; William David Magrogran; John P. Caulfield; and Paul R. Nangle (id. ¶¶ 62-70); (6) an action for wrongful death against all Defendants (id. ¶¶ 71-76); and (7) a survival action against all Defendants. (Id. ¶¶ 77-85.) Defendants JCKN, Inc.; 23 J.T. Enterprises, Ltd.; 23 J.T. Enterprises, Inc.; 23 J.T. Associates; Joseph A. Rufo; Tony Rufo; Brownie's 23 East; and Paul R. Nangle ("Moving Defendants") filed this Partial Motion to Dismiss on October 20, 2010. Plaintiff filed a Response on November 10, 2010. The Court will now consider the merits of Moving Defendants' Motion.

II. STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). Federal Rule of Civil Procedure 8 does not call for detailed factual allegations; rather it requires a short and plain statement of the claim showing

that the pleader is entitled to relief. FED. R. CIV. P. 8; Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

The Supreme Court has made clear, however, that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Instead, the plaintiff must offer "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. To do so, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556-57); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (adopting Iqbal's standards).

### III. DISCUSSION

In their Partial Motion to Dismiss, Moving Defendants request that the Court dismiss (1) certain allegations relating to Plaintiff's claim under the Pennsylvania Dram Shop Act, and (2) Plaintiff's claim for common-law negligence. The Court will consider these issues in turn.

#### A. Whether the Court Should Dismiss Certain Allegations Relating to Plaintiff's Dram Shop Claim

The Pennsylvania Dram Shop Act imposes liability on alcohol licensees for third party injuries caused by customers only where the licensee served alcohol to the customer when she was visibly intoxicated.[1] 47 PA. CONS. STAT. § 4-497. Notably, Moving Defendants do not

---

[1] Section 4-497 of the Dram Shop Act states:

4

assert that Plaintiff has failed to state a *claim* under the Act – indeed, Plaintiff has alleged that Moving Defendants continued to serve alcohol to Defendant O'Neill after she was visibly intoxicated. (Am. Compl. ¶ 57.) Instead, Moving Defendants ask that the Court dismiss extraneous allegations not supporting a plausible claim for relief under § 4-497. These allegations include: failing to stop service prior to visible intoxication (id. ¶ 58); soliciting customers to consume alcohol (id. ¶ 59(f)); encouraging customers to consume alcohol (id. ¶ 59(g)); serving other customers alcohol that may be consumed by the visibly intoxicated person (id. ¶¶ 59(h) and (k)); failing to limit drinks consumed in a certain time frame (id. ¶ 59(j)); failing to exercise an unspecified standard of care (id. ¶ 59(l)); failing to properly train or supervise staff (id. ¶¶ 59(n) and (o)); failure to investigate or have a corporate policy to determine whether alcohol was being served to Defendant O'Neill or others while they were visibly intoxicated (id. ¶¶ 59(p) and (q)); and failure to exercise due care to the Decedent and traveling public. (Id. ¶ 59(r).)

Federal Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "[M]otions to strike are disfavored and usually will be denied 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" Kim v. Baik, No. CIV.A.06-3604, 2007 WL 674715, at *5

---

No licensee shall be liable to third persons on account of damages inflicted upon them off of the licensed premises by customers of the licensee unless the customer who inflicts the damages was sold, furnished or given liquor or malt or brewed beverages by the said licensee or his agent, servant or employe (sic) when the said customer was visibly intoxicated.

47 PA. CONS. STAT. § 4-497.

(D.N.J. Feb. 27, 2007) (quoting River Road Dev. Corp. v. Carlson Corp., No. CIV.A.89-7037, 1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)). Here, while Plaintiff's allegations of behavior not related to the serving of alcohol to an intoxicated person may not bolster Plaintiff's Dram Shop claim, the allegations do not include any matter so controversial or confusing as to cause prejudice to Moving Defendants. Accordingly, the Court declines to dismiss these allegations.

### B. Whether Plaintiff has Stated a Valid Claim for Common-Law Negligence

Count V alleges negligence on the part of Defendants JCNK, Inc.; 23 J.T. Enterprises, Ltd.; 23 J.T. Enterprises, Inc.; 23 J.T. Associates; Joseph A. Rufo; Tony Rufo; Harlequin Entertainment Group, LLC; Anna Arena; Miguel Dorman; 23 East Cabaret, Inc.; Brownies 23 East; William David Magrogran; John P. Caulfield; and Paul R. Nangle for failing to ensure that Defendant O'Neill did not drive while intoxicated. According to Plaintiff, Defendant Paul R. Nangle, a bouncer at Brownie's 23 East, admitted Defendant O'Neill to the bar at around 10:00 p.m. on the night of the collision. (Am. Compl. ¶ 64.) At around midnight, he recognized that Defendant O'Neill had become visibly intoxicated and refused her re-entry into the bar. (Id. ¶ 66.) Despite knowing of O'Neill's intoxication, Plaintiff asserts that Defendant Nangle acted negligently by failing to (1) ensure that Defendant O'Neill did not operate a motor vehicle (id. ¶ 67), (2) make any effort to notify her friends of her condition (id. ¶ 68), or (3) contact the police to advise them of the danger posed by Defendant O'Neill. (Id. ¶ 69.)

Moving Defendants argue that the Dram Shop Act supplants all other common law remedies against licensees and their employees, and that "there is no cognizable claim under Pennsylvania law against a licensee or its employees for failing to protect members of the general public." (Defs.' Mot. Dismiss 6-7.) In response, Plaintiff argues that the Dram Shop has no such

6

preemptive effect, and further claims that Defendant Nangle's failure to prevent Defendant O'Neill from driving while intoxicated constitutes a breach of duty to "avoid creating situations which pose an unreasonable risk of harm to others" as required by the Restatement (Second) of Torts § 315. (Pl.'s Resp. Opp'n 13.) Alternatively, Plaintiff suggests that, pursuant to section 323 of the Restatement, Defendant Nangle's decision to "discuss Defendant O'Neill's options with her" when Nangle determined she was visibly intoxicated gave rise to a duty to do so non-negligently. (Id. at 14.)

No federal or state appellate court in Pennsylvania has addressed the specific issue of whether section 4-497 of the Dram Shop Act offers the exclusive remedy for third party injury resulting from a violation of that Act. Rivero v. Timblin, 12 Pa. D. & C.5th 233, 254-55 (2010). Pennsylvania courts of common pleas remain split on the issue. Compare id. with Kortum v. 1K Second Street Assoc., 123 Dauphin Rep. 463 (Pa. Comm. Pl. Jan. 3, 2008). For the purposes of these proceedings, the Court need not confront this issue, as it is clear that Plaintiff has failed to state a cognizable claim under common law principles of negligence.

In Pennsylvania, the elements of a negligence claim are: "(1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another." Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 139 (3d Cir. 2005) (citations omitted). "Whether a duty exists under a particular set of facts is a question of law." Herczeg v. Hampton Twp. Mun. Auth., 766 A.2d 866, 871 (Pa. Super. Ct. 2001); Rossi v. Schlarbaum, 600 F. Supp. 2d 650, 657 (E.D. Pa. 2009). "Factors to be

weighed in determining the existence of a duty include: the relationship between the parties; the social value of the actor's conduct; the type of risk involved and the forseeability of harm; the consequences of imposing such a duty and the overall public interest in the end to be achieved." Rosa v. 1220 Uncle's, Inc., 51 Pa. D. & C.4th 89, 96 (2001) (citing Althaus ex rel. Althaus v. Cohen, 756 A.2d 1166, 1169 (Pa. 2000)).

Plaintiff asserts that Defendant Nangle had a duty pursuant to the Restatement (Second) of Torts §§ 315 and 323 to prevent Defendant O'Neill from driving while intoxicated. Section 315 sets forth the common-law rule that "there is no duty to control the conduct of a third party to protect another from harm, except where a defendant stands in some special relationship with either the person whose conduct needs to be controlled or in a relationship with the intended victim of the conduct which gives the intended victim a right to protection." Estate of Mickens v. Stevenson, 57 Pa. D. & C.4th 287, 293-94 (2002) (citing RESTATEMENT (SECOND) OF TORTS § 315); Miller v. U.S., 561 F. Supp. 1129, 1132 (E.D. Pa. 1983). To support Plaintiff's theory of liability under § 315, he asserts that Moving Defendants were "specifically mindful of the precise dangers which [Defendant O'Neill] posed to the general public" because the Pennsylvania Liquor Control Board had recently threatened to revoke Brownie's 23 East's liquor license due to approximately twenty-three incidents of fights, public intoxication, assaults, and other disorderly conduct. (Pl.'s Resp. Opp'n 12-13.) Plaintiff further contends that Moving Defendants "had an active ongoing relationship with the Lower Merion Police Department to prevent this precise event from happening. Yet they willfully failed to exercise their duty to the Plaintiff's Decedent in this regard." (Id. at 13.)

Such allegations, however, fail to specifically identify any "special relationship" that might give rise to a duty to control Defendant O'Neill. Moreover, Plaintiff fails to cite a single case from any jurisdiction extending a duty of care to an alcohol licensee to prevent an intoxicated person from driving. Indeed, this Court's survey of the law of other jurisdictions suggests no such duty exists. See, e.g., McKeown v. Homoya, 568 N.E.2d 528 (Ill. App. Ct. 1991) ("[A] tavern has no duty to restrain a patron from driving away no matter how intoxicated that individual may be."); Hall v. Toreros, II, Inc., 626 S.E.2d 861, 871-74 (N.C. Ct. App. 2006) (finding no basis for liability upon alcohol licensee "for failing to take affirmative precautionary measures to prevent an intoxicated patron from operating a motor vehicle") (citing Sports, Inc. v. Gilbert, 431 N.E.2d 534, 539-40 (In. Ct. App. 1982) (racetrack under no duty to prevent intoxicated third-party from leaving premises); Gustafson v. Mathews, 441 N.E.2d 388, 390-91 (Ill. App. Ct. 1982) (tavern owed no duty to passengers in intoxicated patron's vehicle to prevent patron from operating the vehicle); Loeffler v. Sal & Sam's Rest., 541 So.2d 937, 939 (La. Ct. App. 1989) (no allegation of "an affirmative act sufficient to violate the duty owed by bar owners" where plaintiff asserted bar was negligent in allowing intoxicated patron to drive "after he had become intoxicated upon their premises and to their profit"); Vale v. Yawarski, 357 N.Y.S.2d 791, 794-95 (N.Y. Sup. Ct. 1974) (finding no duty on part of tavern owner to "determine whether each departing guest is an automobile driver and fit or unfit to drive safely and then, if need be, take proper and lawful steps to prevent him from driving"); Nolan v. Morelli, 226 A.2d 383, 388-89 (Conn. 1967) (finding "no common-law duty resting on these defendants, as sellers, proprietors or otherwise, to go to that extent, or otherwise to guard against injuries sustained at unknown distances from the defendants' premises and at places and under

9

circumstances wholly outside the defendants' knowledge or control"); Armstrong v. State, 537 S.E.2d 147, 149 (Ga. Ct. App. 2000) (noting that although "[Georgia's Dram Shop law] sets forth a basis for civil liability where an alcohol provider knowingly continues to serve alcohol to an intoxicated person[,] . . . nothing in that statute or any other provision of Georgia law mandates that a provider of alcoholic beverages must prevent an intoxicated person from driving")).

"The right to control another person's actions is essential to the imposition of th[e] duty" set forth in section 315. Sports, Inc., 431 N.E.2d at 538. In light of the aforementioned cases, this Court declines to "impose[] a duty to control a third person when no right to control exists." Id. To adopt Plaintiff's theory could open the door to unprecedented expansion of tort liability, requiring, for example, "all businesses that maintain parking lots . . . to evaluate the behavior of their customers to determine whether they have the capacity to drive safely." Gustafson, 441 N.E.2d 388 at 390-91. As the Gustafson court noted, "This is an unjustifiably burdensome responsibility and should not be imposed in the absence of some further relationship between the customer and the business." Id. Thus, Plaintiff's theory of liability under § 315 of the Restatement fails.

Plaintiff's alternative theory that Defendant Nangle owed a duty of care as expressed by section 323 of the Restatement is similarly flawed. Section 323 states:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> > (a) his failure to exercise such care increases the risk of such harm, or

10

(b) the harm is suffered because of the other's reliance upon the undertaking.

RESTATEMENT (SECOND) OF TORTS § 323; see also Feld v. Merriam, 485 A.2d 742, 746 (Pa. 1984) (adopting section 323 as an accurate statement of Pennsylvania law).

Plaintiff alleges that Defendant Nangle took on a duty to render services non-negligently by "discussing Defendant O'Neill's options with her when Mr. Nangle determined she was visibly intoxicated." (Pl.'s Resp. Opp'n 14.) As evidenced by the Restatement, however, Defendant Nangle was under no duty to supervise Ms. O'Neill's transport home merely by denying her re-entry into the bar. Comment c of section 323 states:

> The fact that the actor gratuitously starts in to aid another does not necessarily require him to continue his services. He is not required to continue them indefinitely, or even until he has done everything in his power to aid and protect the other. The actor may normally abandon his efforts at any time unless, by giving the aid, he has put the other in a worse position than he was in before the actor attempted to aid him.

RESTATEMENT (SECOND) OF TORTS § 323, cmt. c.

Plaintiff offers no allegations that Defendant Nangle put the Decedent in a worse position by not permitting Defendant O'Neill to re-enter the bar when she was intoxicated. Indeed, it seems such action would be consistent with the Dram Shop Act's prohibition on service of alcohol to a visibly intoxicated patron. Moreover, Plaintiff again fails to point to any case in this jurisdiction or elsewhere imposing such a duty on Moving Defendants. As before, cases from other jurisdictions suggest a contrary finding. See, e.g., O'Gorman v. Antonio Rubinaccio & Sons, Inc., 563 N.E.2d 231, 233 (Mass. 1990) (finding bar owner had no duty under § 323 after taking intoxicated patron's keys but then returning them two hours later); Carithers v. Misty Pines Inn, Ltd., No. CIV.A.94-0849, 1994 WL 679146, at *1 (Wis. App. 1994) ("The risk of

harm to or from the intoxicated patron was not increased by the employee's seizure of the keys; it was the same."). Based on the Court's reading of the applicable portions of the Restatement and relevant case law, the Court finds that Defendant Nangle's refusal to allow Defendant O'Neill to re-enter the bar and subsequent conversation with her about her potential transport options did not put the Decedent at a greater risk of harm than before Defendant Nangle became involved in the situation.

"It is a fundamental rule of tort law that a negligence claim must fail if it is based on circumstances for which the law imposes no duty of care on the defendant." Fizz v. Kurtz, Dowd & Nuss, Inc., 519 A.2d 1037, 1040 (Pa. Super. 1987) (citing Morena v. South Hills Health Sys., 462 A.2d 680 (Pa. 1983)). The Court finds no basis in Pennsylvania law to impose a duty on an alcohol licensee or its agents to prevent an intoxicated patron from operating a motor vehicle. Plaintiff has thus failed to state a claim upon which relief may be granted, and Count V is dismissed with respect to the Moving Defendants.[2]

## IV.  CONCLUSION

In light of the foregoing, the Court declines to dismiss the allegations of Count IV, but grants Moving Defendants' Motion to Dismiss Count V.

An appropriate Order follows.

---

[2] Defendants Harlequin Entertainment Group, LLC, Anna Arena, Miguel A. Dorman, 23 E. Cabaret, Inc., William David Magrogran, and John P. Caulfield are also named in Count V but did not join in the Partial Motion to Dismiss. Accordingly, although the Court's findings with respect to this claim would apply equally to all named Defendants, the Court dismisses Count V only as to Moving Defendants at this time.